**Margarita Paredes DIAZ,**
**Plaintiff–Appellee,**

v.

**JCPENNEY LIFE INSURANCE COMPANY, Defendant–Appellant.**

**Docket No. 03–7750.**

United States Court of Appeals, Second Circuit.

July 23, 2004.

Stephen C. Baker, Drinker Biddle & Reath LLP, Philadelphia, PA, for Defendant–Appellant.

Victor H. Saldarriaga, New York, NY, for Plaintiff–Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

On July 3, 2003, the district court granted plaintiff-appellee Diaz's motion for summary judgment seeking prejudgment interest pursuant to New York CPLR § 5001 and 5004. The district court found that prejudgment interest accrued from December 26, 2001, the date on which Diaz, the sole beneficiary named in her deceased husband's group accident insurance policy, filed her claim with defendant-appellee JCPenney Life Insurance Company ("JCPenney") finally paid her insurance claim, to February 21, 2003, the date by which JCPenney finally paid her insurance claim.

Reviewing *de novo* the district court's grant of summary order in favor of Diaz, *see Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003), we find that the district court correctly ruled that no genuine issue of material fact existed as to the interest that should be awarded on the insurance policy proceeds paid by JCPenney Life to Diaz and therefore Diaz was entitled to prejudgment interest pursuant to CPLR § 5001. The district court correctly found that there was no agreement between Diaz and JCPenney in which she agreed to forgo her statutory right to prejudgment interest because there was no dispute regarding JCPenney's liability for the insurance claim. The court also found that she was entitled to interest pursuant to CPLR § 5001 notwithstanding the fact that no judgment had been entered because the case had

settled. Notably, the district court was willing to enter judgment in this case if that was necessary to perfect Diaz's entitlement to prejudgment interest. Because JCPenney indicated that it did not wish the court to do this, it cannot now complain about the absence of a formal judgment.

We therefore AFFIRM.